IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIXIE EQUIPMENT, LLC and<br>CLAUDE HENDRICKSON,<br>　　　Plaintiffs | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 4:11-cv-02340<br>(Jury Trial Demanded) |
| GEODIS WILSON USA, INC.,<br>　　　Defendant. | §<br>§<br>§ | |

## ORIGINAL ANSWER OF GEODIS WILSON USA, INC.
## TO PLAINTIFFS' ORIGINAL PETITION

*To the Honorable United States District Court*:

Defendant Geodis Wilson USA, Inc. ("Geodis Wilson") files this Original Answer and Jury Demand to Plaintiffs' Original Petition ("Original Petition").

### Discovery Control Plan

1.1　No response is necessary to Paragraph 1.1 of the Original Petition.

### Parties

2.1　Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.1 of the Original Petition, and, therefore, denies same.

2.2　Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.2 of the Original Petition, and, therefore, denies same.

2.3　Geodis Wilson admits that it is a corporation organized under the laws of the State of New York and that it can be served with process through Corporation Service Company.

### Jurisdiction

3.1     Geodis Wilson admits that it maintains an office in Houston, Texas.   Geodis Wilson denies that it is subject to the specific jurisdiction of the Court in the case, or that Texas has any connection in the subject matter of this case.   Geodis Wilson denies the remaining allegations in Paragraph 3.1 of the Original Petition.

3.2     Geodis Wilson denies the allegations in Paragraph 3.2 of the Original Petition.

### Venue

4.1     Geodis Wilson denies that this case should be properly venued in the Texas state court.  This case has been removed to federal court.  Geodis Wilson further denies that venue is appropriate in this federal district.  Texas has no connection to this case.  This case should be transferred pursuant to 28 U.S.C. § 1404.

### Request for Disclosure

5.1     The Federal Rules Civil Procedure require no response to the allegations of Paragraph 5.1 of the Original Petition.

### Factual Background

6.1     Geodis Wilson denies the allegations in Paragraph 6.1 of the Original Petition.

6.2     Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.2 of the Original Petition, and, therefore, denies same.

6.3     Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.3 of the Original Petition, and, therefore, denies same.

6.4     Geodis Wilson is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 6.4 of the Original Petition, and, therefore, denies same.

6.5     Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.5 of the Original Petition, and, therefore, denies same.

6.6     Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.6 of the Original Petition, and, therefore, denies same.

6.7     Geodis Wilson denies the allegations in the second sentence of Paragraph 6.7 of the Original Petition. Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.7 of the Original Petition, and, therefore, denies same.

6.8     On June 24, 2008, Dixie Equipment, LLC ("Dixie") provided Geodis Wilson with a Customs Power of Attorney, subject to the specific terms and conditions incorporated into the Customs Power of Attorney. Geodis Wilson denies the remaining allegations of Paragraph 6.8 of the Original Petition.

6.9     Geodis Wilson admits that it was aware of the provisions regarding importation of the aircraft as outlined in Paragraph 6.9 of the Original Petition and also pleads that Dixie equally was aware of the provisions as evidenced by the request for importation pursuant to the provisions outlined in a June 27, 2008 letter signed by Claude Hendrickson.

6.10    Geodis Wilson denies the allegations in Paragraph 6.10 of the Original Petition.

6.11    Geodis Wilson denies that the August 18, 2008 letter from the State Department was forwarded to Geodis Wilson on August 18, 2008. The letter sets forth the position of the

State Department.  Geodis Wilson denies the remaining allegations in Paragraph 6.11 of the Original Petition.

6.12    Geodis Wilson denies that it did not inform Dixie of the contents of the State Department's letter dated August 18, 2008.

6.13    Geodis Wilson denies the allegations in Paragraph 6.13 of the Original Petition.

6.14    Geodis Wilson admits that the plane was not permitted entry into the United States without the State Department's approval.  Geodis Wilson denies the remaining allegations in Paragraph 6.14 of the Original Petition.

6.15    Geodis Wilson denies the allegations in the first sentence of Paragraph 6.15 of the Original Petition.  Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 6.15 of the Original Petition, and, therefore, denies same.

6.16    Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.16 of the Original Petition, and, therefore, denies same.

6.17    Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.17 of the Original Petition, and, therefore, denies same.

6.18    Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.18 of the Original Petition, and, therefore, denies same.

6.19    Geodis Wilson denies the allegations in Paragraph 6.19 of the Original Petition.

6.20    Geodis Wilson denies the allegations in Paragraph 6.20 of the Original Petition.

6.21    Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.21 of the Original Petition, and, therefore, denies same.

6.22    Geodis Wilson denies the allegations in Paragraph 6.22 of the Original Petition.

6.23    Geodis Wilson denies the allegations in Paragraph 6.23 of the Original Petition.

6.24    Geodis Wilson denies the allegations in Paragraph 6.24 of the Original Petition.

6.25    Geodis Wilson denies the allegations in Paragraph 6.25 of the Original Petition.

6.26    Geodis Wilson denies the allegations in the first sentence of Paragraph 6.26 of the Original Petition. Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.26 of the Original Petition, and, therefore, denies same.

6.27    Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.27 of the Original Petition, and, therefore, denies same.

6.28    Geodis Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.28 of the Original Petition, and, therefore, denies same.

6.29    Geodis Wilson denies the allegations in Paragraph 6.29 of the Original Petition.

6.30    Geodis Wilson denies the allegations in Paragraph 6.30 of the Original Petition.

### Breach of Contract

7.1    Geodis Wilson incorporates by reference its prior responses to the allegations in the preceding paragraphs in response to 7.1 of the Original Petition.

7.2    Geodis Wilson denies the allegations in Paragraph 7.2 of the Original Petition.

7.3     Geodis Wilson denies the allegations in Paragraph 7.3 of the Original Petition.

7.4     Geodis Wilson denies the allegations in Paragraph 7.4 of the Original Petition.

7.5     Geodis Wilson denies the allegations in Paragraph 7.5 of the Original Petition.

7.6     Geodis Wilson denies the allegations in Paragraph 7.6 of the Original Petition.

## Deceptive Trade Practices Act ("DTPA")

8.1     Geodis Wilson incorporates by reference its prior responses to the allegations in the preceding paragraphs in response to Paragraph 8.1 of the Original Petition.

8.2     Geodis Wilson denies the allegations in Paragraph 8.2 of the Original Petition.

8.3     Geodis Wilson denies the allegations in Paragraph 8.3 of the Original Petition.

8.4     Geodis Wilson denies the allegations in Paragraph 8.4 of the Original Petition.

8.5     Geodis Wilson denies the allegations in Paragraph 8.5 of the Original Petition.

8.6     Geodis Wilson denies the allegations in Paragraph 8.6 of the Original Petition.

8.7     Geodis Wilson denies the allegations in Paragraph 8.7 of the Original Petition.

8.8     Geodis Wilson denies the allegations in Paragraph 8.8 of the Original Petition.

8.9     Geodis Wilson denies the allegations in Paragraph 8.9 of the Original Petition.

## Negligence

9.1     Geodis Wilson incorporates by reference its prior responses to the allegations in the preceding paragraphs in response to 9.1 of the Original Petition.

9.2     Geodis Wilson denies the allegations in Paragraph 9.2 of the Original Petition.

9.3     Geodis Wilson denies the allegations in Paragraph 9.3 of the Original Petition.

## Negligent Misrepresentation

10.1     Geodis Wilson incorporates by reference its prior responses to the allegations in the preceding paragraphs in response to 10.1 of the Original Petition.

10.2    Geodis Wilson denies the allegations in Paragraph 10.2 of the Original Petition.

10.3    Geodis Wilson denies the allegations in Paragraph 10.3 of the Original Petition.

10.4    Geodis Wilson denies the allegations in Paragraph 10.4 of the Original Petition.

## Fraud

11.1    Geodis Wilson incorporates by reference its prior responses to the allegations in the preceding paragraphs in response to Paragraph 11.1 of the Original Petition.

11.2    Geodis Wilson denies the allegations in Paragraph 11.2 of the Original Petition.

11.3    Geodis Wilson denies the allegations in Paragraph 11.3 of the Original Petition.

11.4    Geodis Wilson denies the allegations in Paragraph 11.4 of the Original Petition.

11.5    Geodis Wilson denies the allegations in Paragraph 11.5 of the Original Petition.

11.6    Geodis Wilson denies the allegations in Paragraph 11.6 of the Original Petition.

11.7    Geodis Wilson denies the allegations in Paragraph 11.7 of the Original Petition.

## Breach of Fiduciary Duties

12.1    Geodis Wilson incorporates by reference its prior responses to the allegations in the preceding paragraphs in response to Paragraph 12.1 of the Original Petition.

12.2    Geodis Wilson denies the allegations in Paragraph 12.2 of the Original Petition.

12.3    Geodis Wilson denies the allegations in Paragraph 12.3 of the Original Petition.

12.4    Geodis Wilson denies the allegations in Paragraph 12.4 of the Original Petition.

12.5    Geodis Wilson denies the allegations in Paragraph 12.5 of the Original Petition.

## Reasonable and Necessary Attorneys Fees

13.1    Geodis Wilson denies that Dixie is entitled to recovery of any attorneys fees sought in Paragraph 13.1 of the Original Petition.

## Damages

14.1    Geodis Wilson denies that Dixie is entitled to recovery of any damages sought in Paragraph 14.1 of the Original Petition.

## Affirmative Defenses

15.1    Plaintiffs have failed to state a claim against Geodis Wilson upon which relief can be granted.

15.2    Venue is not proper in this federal district.   Texas has no connection to the transactions forming the basis of this lawsuit.  Venue should be transferred pursuant to 28 U.S.C. § 1404(a)

15.3    Any damages in this case are subject to and limited by, the terms and conditions of the contract.  There is an agreement signed by the parties in question.  In particular, the terms and conditions limited all liability to $50.00 U.S.

15.4    Any award of punitive damages in this case would violate Geodis Wilson's right to due process of law under the fourteenth amendment of the United States constitution, and the corresponding due process provisions of the Texas constitution.

15.5    Plaintiffs' claims, if any, are barred by the applicable statute of limitations.

15.6    Plaintiffs' claims, if any, are barred by the doctrine of contributory negligence assumption of the risk and comparative negligence.

15.7    Geodis Wilson denies that Texas law applies to the transaction in question.  Texas had no connection to the transaction in question.  Under a most significant context analysis, Texas law would not apply to the claims and causes of action forming the basis of this lawsuit.

15.8    Plaintiffs' claims, if any, are barred by failure to provide notices required by the terms and conditions governing the transaction forming the basis of this lawsuit.

15.9   Plaintiffs' damages, if any, were caused in whole or in part by a unilateral or mutual mistake.

15.10   Plaintiffs failed to mitigate their damages, if any.

15.11   Plaintiffs are barred from recovery in this case because they prevented Geodis Wilson from performing the contract.

15.12   Geodis Wilson was excused from performance of the contract because the shipment of the plane into the United States was illegal, or not allowed by the government, or violated public policy.

15.13   Plaintiffs'' damages, if any, were caused in whole or in part by the acts or omissions of their parties over whom Geodis Wilson had no control or right of control.

15.14   Geodis Wilson was excused from performance of the contract because performance was impossible under the facts of this case.

15.15   Plaintiffs' causes of action, other than breach of contract, are barred by the economic loss rule.

15.16   Plaintiffs' damages, if any, were the result of an independent, intervening and superseding cause.

15.17   Geodis Wilson pleads that all of Plaintiffs' claims and causes of action are preempted by the Carmack Amendment, 49 U.S.C. § 14706.

15.18   Geodis Wilson pleads the liability limitations of the Carmack Amendment, 49 U.S.C. § 14706.

15.19   Geodis Wilson pleads that all of Plaintiffs' claims and causes of action are preempted by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701.

15.20 Geodis Wilson pleads the liability limitations of the Carriage of Goods by Sea Act, 46 U.S.C. § 30701.

## Jury Demand

16.1 Geodis Wilson demands a trial by jury in this case, pursuant to Rules 38 and 81, Federal Rules of Civil Procedure.

Respectfully submitted,

By:_____

Raymond A. Neuer
State Bar No. 14928350
Federal Bar No. 11085
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
713.951.1000 – telephone
713.951.1199 – facsimile

**ATTORNEYS FOR DEFENDANT,
GEODIS WILSON USA, INC.**

**Of Counsel:**

Sheehy Ware & Pappas. P.C.
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
713.951.1000 – telephone
713.951.1199 – facsimile

1776754                                    10

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record by certified mail, return receipt requested, and/or facsimile transmission and/or regular U.S. mail and/or hand delivery and/or electronic service on the 27th day of June, 2011 to:

Lino Mendiola
Caren Pinzur
Michael Boldt
Andrews Kurth LLP
111 Congress Avenue, Suite 1700
Austin, Texas 78701

Raymond A. Neuer